Mr. Justice Walker delivered the opinion .oí the Court. The question presented by -the assignment of errors, has no reference to the decision of the Circuit Court upon the motion to enlarge the bond given by the plaintiff in the Court below. The decision upon that motion was against the plaintiff below, and, had he felt himself aggrieved by the decision, he should have presented the error to this Court by appeal or writ of error. This he did not do, but submitted to the decision. The argument addressed to this Court upon that decision, therefore, need not be noticed. The only question presented upon the record is, whether the Circuit Court correctly overruled the motion of the plaintiff in error for judgment for restitution of the property of which he had been dispossessed by the plaintiff’s writ. It appears that the Circuit Court ruled the plaintiff to give an enlarged bond, which he declined doing, whereupon the Court rendered judgment of discontinuance against him, but refused, upon the motion of the defendant, to render a further judgment of restitution^ The statute, which was in force at the time the rule was made, and which regulated the practice in the case, is of itself decisive of this question. The 12th sec., Dig. 537, provides that “ if the bond be adjudged insufficient, and a new bond shall not be filed within such time as may be prescribed by the Court, judgment of discontinuance shall be rendered against the plaintiff, and such other judgment as the nature of the case may require, in order to restore to the defendant the possession of the estate and to compensate him for his damages.” This provision of the statute (so reasonable and necessary to prevent the grossest injustice by using the statutory remedy for the purpose of getting into possession and then suffering a discontinuance) has, in effect, been repeatedly recognized by this Court, (Fleeman et al. vs. Heren et al., 3 Eng. 355, and Sumner vs. Spencer, 4 Eng. R. 441,) affirming the right of the defendant to restitution. And, with equal, if not greater reason, it should extend to a case like the present, which is expressly provided for by statute. We are, therefore, of opinion that the Circuit Court erred in overruling the motion of the defendant below for judgment of restitution. The judgment must be reversed, and the cause remanded, to be proceeded in according to law and not inconsistent with this opinion. Mr. Justice Scott not sitting.